UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JOSH HARRIS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | 1:10-cv-139/1:08-cr-124 |
| | ) | |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **MEMORANDUM**

This matter comes before the Court on the motion of *pro se* petitioner[1] Josh Harris ("Harris" or "Petitioner") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File 80, Petition). Pursuant to the Court's Order, the United States filed a response to Petitioner's motion (Court File No. 86, Government's Response) in which the Government opposed Petitioner's § 2255 motion.

The underlying criminal case in this Court is *United States of America v. Josh Harris*, Criminal Docket No. 1:08-cr-124-4, filed on November 25, 2008. The motions, together with the files and record in this case, conclusively show Petitioner is entitled to no relief under 28 U.S.C. § 2255. For the following reasons, the Court has determined an evidentiary hearing is unnecessary, *see United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993), and Petitioner's § 2255 motion[2]

---

[1] Technically, a party bringing a motion under 28 U.S.C. § 2255 is a moving party rather than a petitioner for writ of habeas corpus. See, e.g., *United States v. Sanders*, 3 F. Supp. 2d 554, 556–58 (M.D. Pa. 1998) (discussing similarities and differences between habeas corpus petitions under 28 U.S.C. § 2241 and 2254, and motions under 28 U.S.C. § 2255). Harris will be referred to as petitioner, for ease of reference and to distinguish him from his co-defendant in the criminal case.

[2] In accordance with Rule 4 of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioner's § 2255 motion filed herein, and all the files,

will be **DENIED** for lack of merit (Court File No. 80).

I.      PETITIONER'S ALLEGED INFIRMITIES WITH HIS SENTENCE

Harris was one of four defendants charged in a sixteen-count indictment. After his guilty plea, he was sentenced to 96 months of imprisonment (Court File No. 71, Judgment). In his petition, Harris now alleges (1) the criminal history category used in his Presentence Report ("PSR") was inaccurate and therefore his sentence was improper, and (2) his counsel provided ineffective assistance of counsel during his prosecution by not objecting to the alleged improper criminal history category (Court File Nos. 80, 81). It is not altogether clear what prior misdemeanor conviction Petitioner contends is invalid. He does not identify it by paragraph number in the PSR. However, he does mention a June 27, 2008 conviction for "No Seat Belt, and; [ ]Possession of Schedule VI (Marijuana)" (Court File No. 81 at 2). He goes on to say that an offense from an unknown date, case number #080-2213, was dismissed. From this he argues his counsel was deficient in "the proceedings and sentencing" (*id.* at 4). Again although not at all clear, it is apparently a reference that counsel did not object to the inclusion of this conviction in the PSR.

The Government's response is organized to cover Petitioner's claims. It argues (1) Petitioner's claim has been procedurally defaulted because he failed to previously raise the alleged error in the Guidelines calculations; (2) Petitioner has not met his burden of establishing ineffective assistance of counsel because Counsel was not ineffective for failing to object to Petitioner's criminal history calculation and Counsel was not ineffective for failing to file a notice of appeal; (3)

---

records, transcripts, and correspondence relating to Harris' conviction in Criminal Docket No. 1:08-cr-124-4, which will be cited by the Court File Number assigned to the particular pleading or motion (e.g., "Court File No. 80, Petition.").

Petitioner does not allege a constitutional error, therefore, it is not a cognizable claim; and (4) There was no error in the Guidelines calculations. This is a logical organization and makes sense out of Petitioner's claims. Accordingly, the Court will adopt the same structure in its analysis.

## II. BACKGROUND

### A. Procedural Background

In an indictment returned on November 25, 2008, Petitioner, along with three codefendants, was charged with multiple crimes involving the distribution of cocaine base ("crack cocaine"). On March 16, 2009, Petitioner pleaded guilty to count nine of the indictment, charging him with distributing five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B) (Court File No. 43, Plea Hearing Minutes). After receipt of the PSR, and after giving Petitioner and his counsel an opportunity to speak at sentencing, the Court sentenced Petitioner to a term of imprisonment of 96 months on June 18, 2009 (Court File No. 71). Harris did not file an appeal of his sentence.

### B. Factual Background

#### 1. Defendant's Guilty Plea

Following the indictment, Petitioner was arrested and made his first appearance in this court before United States Magistrate Judge William B. Mitchell Carter on December 9, 2008 (Court File No. 4, Initial Appearance Minutes). Pursuant to the Criminal Justice Act, Magistrate Judge Carter appointed Myrlene Marsa, a very experienced and capable defense attorney, to represent Petitioner. On March 16, 2009, Harris appeared again before Magistrate Judge Carter and entered his guilty plea pursuant to a written plea agreement (Court File No. 43). The plea agreement contained the

following stipulated factual basis to support Petitioner's guilty plea:

> During 2008, a confidential informant (CI) working with the ATF and Bradley County Sheriff's Department, endeavored to make controlled purchases of cocaine and cocaine base from prohibited people in Cleveland, Tennessee. On May 6, 2008, the defendant met the CI at an apartment in Cleveland, Tennessee, where the defendant sold 11.2 grams of cocaine base to the CI. On a total of seven occasions, including the above described event, between April and June, 2008, the defendant sold a total of 33.9 grams of cocaine base to the CI in Cleveland, Tennessee.

(Court File No. 45, Plea Agreement).

### 2. Petitioner's Presentence Report

Following the acceptance of his guilty plea, the Probation Office was ordered to prepare a Presentence Report. The PSR determined that the drug quantity attributable to Petitioner was at least twenty, but less than thirty-five grams of cocaine base, which yielded a base offense level of 26 (PSR ¶ 31). Petitioner received a three-level reduction for acceptance of responsibility and this reduced his total offense level to 23 (PSR ¶¶ 37, 40). The PSR determined Petitioner had seven qualifying prior convictions for which he received one point each (PSR ¶¶ 44-51). He could only receive four criminal history points, however, because a maximum of four criminal history points are allowed under USSG § 4A1.1(c) (PSR ¶ 50). He also received three points for a prior felony drug conviction (PSR ¶ 46). Petitioner was on probation for an offense when he committed the present offense (PSR ¶ 54). And less than two years had expired between the instant offense and the time he was released from custody for the felony drug conviction (PSR ¶ 55). This resulted in a total of ten criminal history points, for a criminal history category of V (PSR ¶ 56). Based on a total offense level of 23 and a criminal history category of V, Petitioner's advisory Guidelines range was 84 to 105 months (PSR ¶ 79).

### 3. Petitioner's Sentencing

On June 18, 2009, the Court held Petitioner's sentencing hearing. As is the Court's practice, the Court inquired of Petitioner whether he had received and read the PSR (Court File No. 82, Sentencing Transcript). The Court also asked Petitioner whether he had sufficient time to discuss the PSR with his attorney. All of the questions were answered in the affirmative. Petitioner through his attorney stated he had no objections to the PSR. Although no objections to the PSR were raised by Petitioner, he did file a motion for a variance of sentence to set it at the bottom of the Guidelines (Court File No. 60, Motion for Variance). His attorney argued this motion during the sentencing hearing, contending that Petitioner's numerous convictions with one exception were mostly misdemeanor convictions (Court File No. 82). Following arguments, the Court provided Petitioner an opportunity for allocution. Petitioner did not raise any objection or issues with respect to the PSR, merely stating that his attorney "pretty much covered everything for [him]" (*id.* at 8). Having heard from Petitioner, having considered the PSR and the advisory Guidelines range as well as the factors listed in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 96 months' imprisonment, which was within the Guidelines range (Court File No. 71). In explaining the reason for Petitioner's sentence, the Court noted Petitioner had a prior felony drug conviction, which, had the Government filed the proper notice, would have required a mandatory minimum sentence of ten years (Court File No. 82).

### III. ANALYSIS

#### A. Standard of Review

Section 2255 of Title 28, United States Code, provides that a prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate, correct, or set

aside a sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the Petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000); *United States v. Abbott*, 975 F. Supp. 703, 705 (E.D. Pa. 1997).

Where a constitutional error is alleged, in order to obtain relief under § 2255, the record must reflect a Constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 1721–22, 123 L.Ed.2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To merit relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process," *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). After his conviction and sentence are final, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief. *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

**B.  Petitioner Failed to Object to or Appeal the Alleged Erroneous Criminal History Calculation**

The Government correctly argues Petitioner failed to raise an objection to his criminal history category during sentencing and also failed to raise the issue on appeal.  For this reason he has defaulted this claim.  "If any issue could have been raised on direct appeal, the failure to raise it therein precludes review in a § 2255 proceeding unless the petitioner can show cause for the procedural default and actual prejudice resulting from the errors of which petitioner complains." *Johnson v. United States*, No. 90-2124, 1991 WL 150851, at *1 (6th Cir. Aug. 7, 1991) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)).  The Government relies upon *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) in support of its position that the procedural default doctrine embodies the principle that "collateral attack generally [should] not be allowed to do service for an appeal." *Id.* (holding that the petitioner procedurally defaulted his claim that the United States breached its plea agreement because he failed to file a direct appeal, wherein he could have raised the issue).

To overcome procedural default,  Harris "must demonstrate both cause and actual prejudice in order to assert his defaulted claim."  *Wheeler v. United States*, 329 F. App'x 632, 624 (6th Cir. 2009).  In order to show cause for the failure to object, he must establish that he was impeded by "some objective factor external to the defense," such as a factual or legal basis for a claim which was not reasonably available to counsel, or by showing ineffective assistance of counsel. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991); *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993) (cause shown because counsel rebuffed petitioner's request to raise issue on direct appeal); *Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001) (no cause shown for failure to raise due process challenge on direct appeal where argument not sufficiently novel to justify failure); *McCoy v. United*

*States*, 266 F.3d 1245, 1259 (11th Cir. 2001) (no cause shown for failure to challenge sentencing enhancement at trial because argument futile in light of other cases).

Harris perhaps alludes to the failure of his counsel to file an appeal but this is not clear from his petition. He never says he asked counsel to file an appeal nor that he even desired to file an appeal. Since he has failed to provide any reason for failing to file an appeal on his contention his Guidelines range was incorrectly calculated, he has not established cause and prejudice for this failure. Thus, his procedural default cannot be excused.

    **C.    Counsel was Ineffective in not Objecting to the Allegedly Erroneous Criminal History Calculation**

    **1. *Strickland* Standard**

The Government asserts Petitioner has not established that his counsel was ineffective (Court File No. 86 at 7). Petitioner alleges his counsel was ineffective for failing to object to the PSR, and for failing to file an appeal (Court File No. 81 at 5-6).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown

in the adversary process that renders the result unreliable.

466 U.S. at 687.

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id.* at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690; *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system

suffers as a result.

*Id.* at 697.

### a. Counsel was not Ineffective for Failing to Object to Petitioner's Criminal History Calculation

With respect to Harris' first claim that counsel was ineffective for failing to research his criminal history and failing to object to the criminal history calculation listed in the PSR, the Government argues that Petitioner has not demonstrated that the listed conviction is not accurate (Court File No. 86 at 5). It notes Petitioner attached to his motion a letter written by a clerk of General Sessions court and a copy of the docket sheet for a violation of probation under Bradley County, Tennessee case number 08D-2213 (*id.* at 6). As the Government reads the documents, however, the underlying offenses, of possession of schedule VI substances, no seatbelt, and simple possession of schedule II substances, were not dismissed. The Government thinks the only thing dismissed was the warrant for violation of probation on these offenses (id.). A mere dismissal of the violation of probation warrant would not have invalidated the underlying criminal conviction and, contrary to Petitioner's claim, would not have operated to change the criminal history points assessed. Thus, the Government submits the petitioner failed to support his allegation. The burden is on Petitioner to demonstrate sufficient facts in his § 2255 petition to warrant relief. *See, e.g.*, *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing"). As the Court observed earlier, it is not clear from the petition what particular prior conviction Harris is contesting. Therefore, because it is not at all clear that these documents apply to a particular conviction, he has failed to meet the threshold requirement of providing adequate factual support for his claim.

Because the PSR listed seven misdemeanor convictions but only four could be counted for criminal history category purposes, Petitioner also is not able to show counsel was ineffective in failing to investigate the claimed invalid conviction. Because no criminal history points were assessed in paragraph 57, his counsel was not ineffective for failing to object. Regarding the conviction set out in paragraph 51, as stated above, even had counsel objected and prevailed in excluding this one criminal history point, Petitioner would have the same number of criminal history points and criminal history category. Counsel was not ineffective in failing to object to this conviction.

Under such circumstances, petitioner has not shown any "reasonable probability that, but for counsel's [alleged] errors, he . . . would have insisted on going to trial." *Short*, 471 F.3d at 691-92 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *see also Davis v. United States*, No. 93-2566, 1994 WL 533062, at *2 (6th Cir. 1994) (rejecting ineffectiveness claim absent proof that, had counsel "properly investigated the facts," petitioner would have insisted on going to trial rather than pleading guilty).

### b. Counsel was not Ineffective for Failing to File Notice of Appeal

Petitioner does not allege he asked counsel to file an appeal nor does he allege he wanted to appeal his case. And taking up his allegation counsel was deficient in not appealing what he contends was an improperly calculated criminal history, the discussion above disabuses him of that notion. There has been no proof presented by Petitioner that the Guidelines range was inaccurate. In the absence of such proof, it is not possible to conclude counsel was ineffective for failing to file a notice of appeal. Petitioner has failed to establish any legitimate basis upon which counsel could have appealed his sentence, and counsel is not ineffective for failing to pursue meritless arguments.

*See, e.g., Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999) ("Counsel could not be constitutionally ineffective for failing to raise . . . meritless arguments"); *see also United States v. Martin*, 45 F. App'x 378, 381 (6th Cir. 2002) (trial counsel's refusal to pursue meritless claims not ineffectiveness).

Counsel has a duty to consult with a defendant about an appeal when reason exists to believe that: (1) a rational defendant would want to appeal (for example, because non-frivolous grounds exist for an appeal); or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Odom v. United States*, 2000 WL 1175598, at *3 (6th Cir. 2000), *see also Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). "In making this determination, courts must take into account all the information counsel knew or should have known." *Roe*, 528 U.S. at 471. In the present case, Petitioner has not indicated that he told his counsel to file an appeal, nor has he shown any non-frivolous basis for an appeal. Petitioner has failed to show that his counsel was ineffective for failing to file a notice of appeal.

### D. Petitioner Does not Allege a Constitutional Error, Therefore, it is not a Cognizable Claim

The Government next argued Petitioner is also not entitled to relief because "nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). The Government asserts Petitioner has not shown, nor could he show, that his claimed error in the Guidelines calculation amounted to a due process violation.

The Government relies upon the *Grant* case to support its position. In *Grant*, the Sixth Circuit dealt with a situation similar to that here. In *Grant*, the sentencing court held Grant

12

accountable under the Guidelines for cocaine distributed by members of the conspiracy, of which Grant was a member. *Id.* at 505. Grant did not challenge that determination at sentencing nor on direct appeal. *Id.* Rather, she challenged it for the first time in a § 2255 motion, alleging that the district court "failed to make an explicit factual finding as to the scope of the criminal activity petitioner had agreed to undertake, thereby violating USSG § 1B1.3." *Id.*

The *Grant* court affirmed the denial of § 2255 relief because it had not been raised at sentencing or on direct appeal and did not rise to the level of a due process violation. *Id.* at 506. As the Sixth Circuit explained, mistakes in the Guidelines calculation "will rarely, if ever, warrant relief from the consequences of waiver . . . . [W]hen a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been a fundamental unfairness, or what amounts to a breakdown of the trial process." *Id.*

As in *Grant*, Petitioner failed to previously raise his challenge to the Guidelines calculation, and it does not rise to the level of a violation of due process. Accordingly, Petitioner's § 2255 motion should be denied.

### E. There was no Error in the Guidelines Calculations

The last argument raised by the Government is that even if Petitioner's claim was not procedurally barred, his § 2255 motion would lack merit because his criminal history category was not affected by the complained-of convictions. The PSR reflects that no criminal history points were assessed for any of the complained offenses (PSR ¶¶ 44-60). It also indicates that of the seven one-point convictions, only four were counted towards Petitioner's final criminal history category (*id.*). Therefore, even if Petitioner had objected and prevailed in his objection, the Guidelines range would have been the same.

13

## IV. CONCLUSION

None of the grounds asserted by Petitioner supports a finding his counsel's assistance was ineffective, either at sentencing or on direct appeal, nor that his sentencing Guidelines calculation was inaccurate. For the reasons stated above, Petitioner's sentence was not imposed in violation of the Constitution or laws of the United States nor is it otherwise subject to collateral attack, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will therefore be **DENIED** (Court File No. 80).

In addition to the above, this Court **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed in forma pauperis on appeal is **DENIED**. Fed. R. App. P. 24. Petitioner has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253; Fed. R. App. P. 22(b), or reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability **SHALL NOT ISSUE**. *Slack v. McDaniel*, 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**